OPINION of the Court, by
Judge Owsley
— This was an action of assumpsit, brought by Bohannon against Lucket in the court below. The declaration contains three counts, and on the trial in that court a motion was made to instruct the jury to disregard the first count, on grounds of its being defective. The motion was overruled and verdict and judgment obtained in favor of Bohannon. Lucket then prosecuted an appeal to this court, where the declaration was adjudged sufficient, but for other errors apparent on the record reversed the judgment and remanded the cause to the court below ^or a new tr'ai’ At a subsequent trial in that court, after the defendant in this court (the plaintiff there) had gone through his evidence, the plaintiff here tendered a demurrer to the evidence, which was joined by the defendant, and a conditional verdict found in favor of the defendant, subject to the opinion of the court upon the demurrer to evidence j and the court being in favor of the defendant Bohannon, on the demurrer to evidence gave judgment on the verdict of the jury in his favor. From which judgment Lucket has again brought the case before this court by an appeal.
*379 As tile first count in the declaration was adjudged hy this court to be substantially good, when the cause was formerly before them, none of the assignments of error which apply to that count will be noticed in determining this case. The only inquiry necessarily involved in the determination of this case grows out of the decision of the court below on the demurrer to evidence. Whether or not Bohannon, the plaintiff in that court, sufficiently maintained the issue on his part, is the main question? This we think was not done. The pleadings of the parties in the court below, evidently required Bohannon to produce that description of evidence which would authorise a recovery under general counts for money had and received, and money laid out and expended. The second and third counts are of that description, and the first, although not drawn in the usual and technical form, was maintained by this court heretofore, and should be so now considered, as a count substantially and in effect for money had and received. If then we are correct m the construction of the nature of Bohannon’s demand, it is clear the evidence produced by him does not maintain the issue on his part: for it is clear an action for money had and received, or for money laid out and expended, cannot be maintained where no money has been received or paid ; and in this case the evidence proves property, and not money was received by Tucket.
We are of opinion, therefore, the evidence did not support the issue on the part of Bohannon. The judgment of the court must consequently be reversed, the cause remanded and judgment entered on the demurrer for the defendant in that court. The plaintiff here must recover his costs in this court.