Parker C. J.
delivered the opinion of the Court. Two questions arise in this case; one, on the construction of the contract, whether it imports a promise to pay what might be received by Welles on account of the note, from funds already in his hands, viz. from the land mortgaged by King before the making of the contract, or only what might be received afterwards from other sources not under the control of Welles at the time of making the contract; the other, whether an action of money had and received lay, Welles having entered under the mortgage for condition broken, but the equity of redemption not being foreclosed when the action was commenced.
On the first question, there is no doubt but that within the spirit of the contract, considering the relation in which the *65 parties stood to each other on account of their engagement for King, they manifestly treating each other as joint sureties, and Sheldon having secured Welles for one half of the amount of the note, it was the intention to share what might be received from funds of King placed in the hands of Welles Otherwise Welles would pay less than one half, and perhaps lose nothing by his suretiship, while Sheldon would at all events be a loser, and perhaps to the whole amount of what he had secured to Welles ; which would not consist with the mutuality of their engagement, and -cannot be, presumed to have been their intention. And this construction is not contradictory to the very words of the contract.
But on the second point we think it equally clear, that the plaintiff is premature in bringing his action, for the mortgage is as yet only security to Welles, and he cannot be made to pay one half of its value in money, he having promised to pay only one half of what might be received by him of King.[1] If any action will lie for money, it cannot be until the tide to the land has become complete in Welles, and even then, if he chooses to convey to the plaintiff one half of the land instead of paying money, he will perform his contract according to its letter and spirit.

Plaintiff nonsuit.

 In order to support an action for money had and received, it must m general appear that the defendant has received money or cash, and not merely money’s worth. 1 Chitty’s Pl. (6th Amer. ed.) 385; Chitty on Contracts, (3d Amer. ed.) 183; 2 Stark. Ev. (5th Amer. ed.) 62; Lucket v. Bohannon, 3 Bibb, 378; Beardsley v. Root, 11 Johns. R. 464; Danforth v. Dewey, 3 N. Hamp. R. 79; Richardson v. Duncan, 3 N. Hamp. R. 508; Barnard v Whiting, 7 Mass. R. 358.
But property paid or received as money will support the action for money paid or had and received. Ainsley v. Wilson, 7 Cowen, 662; Arms v. Ashley, post, 74.